UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY HOANG, et al., | CASE NO. C17-0874JLR |
| Plaintiffs, | ORDER TO SHOW CAUSE |
| v. | |
| BANK OF AMERICA, N.A., et al., | |
| Defendants. | |

Before the court is Defendants Bank of America, N.A., and Federal National Mortgage Association's ("Fannie Mae") (collectively, "Removing Defendants") notice of removal. (Not. of Removal (Dkt. # 1).) For the following reasons, the court ORDERS the parties to meet and confer and ORDERS Removing Defendants to show cause why the court should not remand this case for lack of subject matter jurisdiction.

Removing Defendants base federal jurisdiction on diversity of citizenship. (*See id.* ¶¶ 2, 4 (citing 28 U.S.C. § 1332(a)(1)).) "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the

ORDER - 1

defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). In addition, there is a "strong presumption" against removal jurisdiction, meaning "that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Removing Defendants allege that Plaintiffs Jerry Hoang and Le Uyen Thi Nguyen (collectively, "Plaintiffs") are Washington residents (*id.* ¶ 5(a)), Bank of America is a North Carolina resident (*id.* ¶ 5(b); *see also* Compl. (Dkt. # 1-1) ¶ 3.2), and Fannie Mae is a District of Columbia resident (Not. of Removal ¶ 5(c); *but see* Compl. ¶ 3.3 (alleging Fannie Mae is a resident of Virginia)). In the caption to their complaint, however, Plaintiffs name two additional defendants: Mortgage Electronic Registration Systems, Inc. ("MERS") and BAC Home Loans Servicing, LP ("BAC").[1] (Compl. at 1.) In their notice of removal, Removing Defendants make no reference to MERS or BAC. (*See generally* Not. of Removal.)

It is unclear whether MERS and BAC are defendants and, if so, whether they are diverse from Plaintiffs. Besides the caption, the complaint does not mention MERS and BAC. (*See generally* Compl.; *see also id.* ¶¶ 3.1-3.3 (naming the parties to the action as Plaintiffs and Removing Defendants)); *Hoffman v. Halden*, 268 F.2d 280, 303-04 (9th Cir. 1959) ("[T]he caption of an action is only the handle to identify it and ordinarily the determination of whether or not a defendant is properly in the case hinges upon the

---

[1] Plaintiffs also name John Does 1-20 in the caption to the complaint (*see* Compl. at 1), but fictitious defendants are irrelevant for purposes of ascertaining diversity jurisdiction upon removal, *see* 28 U.S.C. § 1441(b).

ORDER - 2

allegations in the body of the complaint and not upon his inclusion in the caption."), *overruled on other grounds by Cohen v. Norris*, 300 F.2d 24 (9th Cir. 1962). However, Removing Defendants neither argue that MERS and BAC are not properly considered parties to this action nor allege the domicile of MERS and BAC. (*See generally id.*) Furthermore, although Plaintiffs appear to assert a federal claim (*see* Compl. ¶¶ 1.1, 4.4, 5.1-5.9); 28 U.S.C. §§ 1331, 1441(a), Removing Defendants clearly base removal on "diversity jurisdiction under 28 U.S.C. § 1332" (Not. of Removal ¶ 2; *see also id.* ¶¶ 4-6).

Because Removing Defendants fail to acknowledge and address the additional defendants named in the case caption, the court cannot ascertain the parties to this lawsuit and, therefore, cannot determine whether the court has diversity jurisdiction. Accordingly, the court ORDERS the parties to meet and confer regarding the additional defendants. Following the meet-and-confer, Removing Defendants must show cause why the court should not remand this case to King County Superior Court for lack of subject matter jurisdiction. *See Gaus*, 980 F.2d at 566. Plaintiffs must also respond to this order to indicate their position regarding which entities are defendants in this action and on what legal basis those entities are properly named in the complaint. *See Hoffman*, 268 F.2d at 303-04. Both responses must be submitted by July 7, 2017, and neither response may exceed four (4) pages. If Removing Defendants fail to timely respond to this order

//
//
//
//

ORDER - 3

or demonstrate the court's subject matter jurisdiction, the court will remand this case to King County Superior Court.

Dated this 21st day of June, 2017.

JAMES L. ROBART
United States District Judge