1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10 | JERRY HOANG, et al.,

CASE NO. C17-0874JLR

11 |              Plaintiffs,

ORDER ON MOTION TO
DISMISS

12 |     v.

13 | BANK OF AMERICA, N.A., et al.,

14 |              Defendants.

## I.      INTRODUCTION

Before the court is Defendants Bank of America, N.A. ("BANA") and Federal

National Mortgage Association's ("Fannie Mae") (collectively, "Defendants") motion to

dismiss Plaintiffs Jerry Hoang and Le Uyen Thi Nguyen's (collectively, "Plaintiffs")

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (MTD (Dkt. # 4).) The

court has considered the parties' submissions, the relevant portions of the record, and the

//

//

1  applicable law. Being fully advised,[1] the court GRANTS Defendants' motion and

2  DISMISSES Plaintiffs' complaint without leave to amend for the reasons set forth below.

3  ## II.  BACKGROUND

4  In December 2004, Plaintiffs purchased a property located at 13522 43rd Avenue

5  South, Tukwila, Washington, 98168, with a home loan they received from Wells Fargo

6  Bank, N.A.[2] (Compl. (Dkt. # 1-1) ¶ 4.1.) Plaintiffs then refinanced their home loan with

7  BANA on April 30, 2010, and secured the refinance loan with a Deed of Trust on the

8  property.[3] (*Id.* ¶ 4.2.) Plaintiffs allege, and Defendants do not dispute, that Defendants

9  failed to deliver to Plaintiffs notice of their right to rescind the loan. (*Id.* ¶ 4.3; *see*

10 *generally* MTD; Reply (Dkt. # 15).) As a result, Plaintiffs argue Defendants failed to

11 satisfy the Truth in Lending Act's ("TILA") disclosure requirement, thereby extending

12 Plaintiffs' right to rescind the loan to three years past the loan's consummation date.[4]

13 (Compl. ¶ 4.4 (citing 12 C.F.R. § 226.23(a)(3)).)

14 //

15  [1] No party requests oral argument, and the court concludes that oral argument would not
16  be helpful to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

17  [2] Because the court is ruling on a motion to dismiss, it will accept Plaintiffs' well-pleaded
    allegations of fact as true. *See al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).

18  [3] The date that the loan was secured is commonly known as the consummation date. *See*
    12 C.F.R. § 226.2(a)(13) ("Consummation means the time that a consumer becomes
19  contractually obligated on a credit transaction."). The parties do not dispute the loan's
    consummation date of April 30, 2010, the date on the Deed of Trust. (*See* Compl. ¶ 4.2; MTD at
20  3.)

21  [4] Section 1635 of TILA applies to Plaintiffs' loan transaction with Defendants because
    Plaintiffs purchased the property as their principal dwelling with a home loan from Wells Fargo
    (Compl. ¶ 4.1) and took out a $288,000 refinance loan secured by a Deed of Trust on the
22  property from BANA (*see id.* ¶ 4.2; MTD at 2), a different creditor. *See* 15 U.S.C. § 1635(e).

1        On April 15, 2013, Plaintiffs allege they sent Defendants notice of their intention

2 to rescind the loan, exercising their right under TILA to rescind within three years of its

3 consummation. (*Id.* ¶ 4.5.) Plaintiffs assert that Defendants took no action upon

4 receiving the notice. (*Id.* ¶ 4.7.) In February 2017, over three years later, Defendants

5 initiated a non-judicial foreclosure proceeding on Plaintiffs' property. (*Id.* ¶ 4.9.)

6        On May 9, 2017, Plaintiffs filed suit under § 1635 of TILA in King County

7 Superior Court, seeking declaratory, injunctive, and monetary relief. (*See id.* ¶ 6.1.)

8 Specifically, Plaintiffs seek (1) declaratory judgments that they properly rescinded the

9 loan under TILA, that they properly completed loan rescission on April 15, 2013, that all

10 encumbrances on the property are removed, and that Defendants are precluded from

11 seeking foreclosure; (2) an injunctive order preventing Defendants from "using voided

12 instruments against the Plaintiffs['] property"; and (3) attorney's fees and costs for the

13 litigation, as well as triple damages caused by Defendants' "assertion of a lien against the

14 property or claim against Plaintiffs." (*Id.*)

15        Defendants removed the action to federal court based on diversity jurisdiction

16 (Not. of Removal (Dkt. # 1)) and moved to dismiss the action under Federal Rule of Civil

17 Procedure 12(b)(6) (MTD at 9). Defendants argue that (1) Plaintiffs' TILA claims are

18 time-barred, and (2) Plaintiffs were required to but did not plead their ability to tender the

19 loan in their complaint. (*Id.* at 5-9.) Plaintiffs disagree. (*See generally* Resp. (Dkt.

20 # 14).) The court now addresses Defendants' motion.

21 //

22 //

1          ### III.     ANALYSIS

2          Defendants make two timeliness arguments in support of dismissal. (*See* MTD at

3   4.) First, they argue that Plaintiffs failed to timely rescind their loan by not filing suit

4   within three years of the loan's consummation. (*See* MTD at 6-7.) Second, they contend

5   that even if the rescission is timely, Plaintiffs' claims are still time-barred because they

6   cannot wait seven years to bring suit.[5] (*See* Reply at 2 (citing 15 U.S.C. § 1640(e);

7   *Jacques v. Chase Bank USA, N.A.*, Civ. No. 15-548-RGA, 2016 WL 423770, at *9-10 (D.

8   Del. Feb. 3, 2016)).)

9          In response, Plaintiffs first argue that they timely exercised their rescission right

10  by providing written notice of their intent to rescind the loan within three years of the

11  loan's consummation. (Resp. at 5-6 (citing *Jesinoski v. Countrywide Home Loans, Inc.*,

12  135 S. Ct. 790, 792 (2015)).) Second, they assert that their rescission claim is not barred

13  by any statute of limitations, citing as authority the Third Circuit's statement that

14  "'rescission of the loan agreement occurs when a valid notice of rescission is sent, not

15  when a court enters an order enforcing the obligor's rights.'" (Resp. at 6 (quoting

16  *Sherzer v. Homestar Mortg. Servs.*, 707 F.3d 255, 257 (3d Cir. 2013)).)

17  //

18  //

19

20         [5] In the alternative, Defendants argue that Plaintiffs' complaint should be dismissed
    because they failed to allege their ability to tender the loan. (MTD at 8-9.) However, Plaintiffs
21  are not required to allege evidence of their ability to tender in their complaint. *See Merritt v.
    Countrywide Fin. Corp.*, 759 F.3d 1023, 1033 (9th Cir. 2014). Thus, whether Plaintiffs'
22  complaint should be dismissed hinges on the timeliness of their rescission and their claims for
    declaratory, injunctive, and monetary relief under TILA.

1    When considering a motion to dismiss under Federal Rule of Civil Procedure

2    12(b)(6), the court construes the complaint in the light most favorable to the non-moving

3    party. *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.

4    2005). Dismissal is proper on the ground that a claim is barred by the applicable statute

5    of limitations where the running of the limitations period is apparent on the face of the

6    complaint. *See Jones v. Block*, 549 U.S. 199, 215 (2007) ("If the allegations . . . show

7    that relief is barred by the applicable statute of limitations, the complaint is subject to

8    dismissal for failure to state a claim."); *Morales v. City of L.A.*, 214 F.3d 1151, 1153 (9th

9    Cir. 2000).

10    Although the court finds that Plaintiffs timely rescinded their loan, the court

11    concludes that Plaintiffs did not timely bring suit for monetary, declaratory, or injunctive

12    relief. Accordingly, the court dismisses Plaintiffs' complaint with prejudice.

13    **A. Timeliness of Plaintiffs' Rescission**

14    For certain consumer credit transactions, TILA provides borrowers the

15    unconditional right to rescind a loan within three business days following the loan's

16    consummation. 15 U.S.C. § 1635(a). In addition, TILA provides borrowers the

17    conditional right to rescind a loan for up to three years following the loan's

18    consummation, but only if the lender fails to make certain disclosures required under

19    TILA. *See id.*; *Jesinoski*, 135 S. Ct. at 792. For instance, the three-year rescission period

20    is triggered if the lender does not disclose the borrower's unconditional right to rescind a

21    loan. *See* 15 U.S.C. § 1635(a). This conditional right to rescind expires three years after

22    //

1 | the loan's consummation date or the sale of the property, whichever comes first. *See*

2 | *Jesinoski*, 135 S. Ct. at 792 (citing 15 U.S.C. § 1635(f)).

3 |       Against this three-year timeline, Defendants' first argument that Plaintiffs

4 | untimely rescinded their loan is meritless. The Supreme Court's holding in *Jesinoski*

5 | upends Defendants' contention that Plaintiffs' claims are time-barred due to their failure

6 | to file suit within three years. (*See* MTD at 6-7); *see also* 135 S. Ct. at 792. In *Jesinoski*,

7 | the Court held that borrowers need only send written notice of their intent to rescind

8 | within three years of the loan's consummation date in order to exercise their rescission

9 | right; they are not required to sue within that time frame as well. 135 S. Ct. at 792. In

10 | doing so, the Court clarified that § 1635's language "leaves no doubt that rescission is

11 | effected when the borrower notifies the creditor of his intention to rescind." *Id.*

12 |       The Plaintiffs did exactly as *Jesinoski* required. The loan at issue was

13 | consummated on April 30, 2010, and Defendants did not disclose Plaintiffs'

14 | unconditional right to rescind. (Compl. ¶¶ 4.2-4.3.) As a result, Plaintiffs had three years

15 | to send notice of their intent to rescind. *See* 15 U.S.C. § 1635(a). Plaintiffs allege they

16 | sent their notice of rescission on April 15, 2013, within that three-year time period.

17 | (Compl. ¶¶ 4.2, 4.5.) Accordingly, the court concludes that Plaintiffs properly alleged

18 | that they timely exercised their right to rescind by sending their notice within three years

19 | of the loan's consummation.

20 | //

21 | //

22 | //

**B. Timeliness of Plaintiffs' Suit**

Although Plaintiffs properly allege the timely exercise of their right to rescind, their suit to enforce[6] that rescission is time-barred. First, their damages claim is barred by the one-year statute of limitations in § 1640(e). Second, because TILA does not establish a limitations period for declaratory and injunctive relief claims brought under § 1635—and the Court's holding in *Jesinoski* suggests that none applies—the court borrows the closest applicable statute of limitations, the one-year limitations period in § 1640(e), and applies it to the remaining claims. The timeliness of each of Plaintiffs' claims will be addressed in turn.

1. Damages Claim

Plaintiffs seek "up to triple damages caused by Defendants['] assertion of a lien against the property or claim against Plaintiffs." (Compl. ¶ 6.1.) However, because Plaintiffs brought this claim more than one year after Defendants ignored their rescission notice and violated TILA, the claim is time-barred by the one-year statute of limitations in § 1640(e).

//

//

---

[6] Case law on this issue involves both borrowers' claims to enforce rescission, and borrowers' claims for declaratory judgments validating their past rescission attempts. *See, e.g., Bernstein v. Wells Fargo Bank, N.A.*, 693 F. App'x 848, 849 (11th Cir. 2017) (per curiam) (noting that the plaintiff sought to "enforce his right to rescission"); *Paatalo v. JP Morgan Chase Bank*, 146 F. Supp. 3d 1239, 1240 (D. Or. 2011) (noting that the plaintiff sought "a declaratory judgment deeming null and void" the defendant's foreclosure of his home loan). Both of these claims involve assessing whether a borrower had the ability to rescind and whether he properly rescinded his loan. A borrower's success on either claim would trigger the remainder of the steps for unwinding a loan. Thus, the court refers to declaratory relief and rescission enforcement claims interchangeably.

1    Once a borrower exercises his rescission right through written notice, the lender

2    has 20 days after receiving the notice to return any money or property given as earnest

3    money or down payment and must take action to terminate any security interest created

4    under the transaction. *See* 15 U.S.C. § 1635(b). The lender's failure to comply with

5    these requirements within 20 days of receiving the notice is a violation of TILA that is

6    actionable under 15 U.S.C. § 1640(a). *See Barnes v. Chase Home Fin.*, --- F. App'x ---,

7    No. 13-35716, 2017 WL 3432533, at *2 (9th Cir. Aug. 10, 2017). Section 1640(a) allows

8    a borrower to seek civil damages arising from a TILA violation, but such a suit is subject

9    to a one-year statute of limitations. *See* 15 U.S.C. § 1640(e). Thus, any claim for civil

10   damages arising from a lender's failure to comply with § 1635(b)'s 20-day deadline must

11   be brought within one year from the violation—that is, one year from the deadline

12   passing with no action from the lender, or one year and 20 days after the lender receives

13   the notice of rescission.

14       Plaintiffs' damages claim is time-barred because they brought the claim four years

15   after Defendants violated § 1635(b). Plaintiffs allegedly sent their rescission notice on

16   April 15, 2013. (Compl. ¶ 4.5.) If a TILA violation occurred 20 days later under

17   § 1635(b), then Plaintiffs had one year from that date in May 2013 to bring a damages

18   claim.[7] Plaintiffs did not seek civil damages until May 9, 2017. (*See generally id.*)

19   Accordingly, the court dismisses the damages claim.

20   //

---

21       [7] Neither Plaintiffs nor Defendants specify the date that Defendants received the notice of
22   rescission. (*See generally* Compl.; MTD.) The court presumes that it was received shortly after
     being sent, and therefore, Defendants were to begin unwinding the loan sometime in May.

1     2. <u>Declaratory and Injunctive Relief Claims</u>

2        Although damages claims brought pursuant to a § 1635 violation are subject to a

3 one-year statute of limitations, neither § 1635 nor § 1640 addresses the statute of

4 limitations for other types of claims. As a result, it is unclear from the statutory language

5 what, if any, statute of limitations applies to a borrower's claim for a declaratory

6 judgment that he validly rescinded his loan.

7        Prior to *Jesinoski*, Ninth Circuit courts applied § 1640(e)'s one-year limitations

8 period to a borrower's claim to enforce rescission against a lender who ignored his

9 rescission notice. *See, e.g.*, *Barnes v. Chase Home Fin., LLC*, 825 F. Supp. 2d 1057,

10 1066 (D. Or. 2011) (explaining that the application of the statute of limitations in

11 § 1640(e) to a rescission enforcement claim is reasonable because § 1635(g) permits the

12 same civil liability for violations of § 1635 as provided by § 1640); *Santos v.*

13 *Countrywide Home Loans*, No. 1:09-CV-00912-AWI-SM, 2009 WL 2500710, at *5

14 (E.D. Cal. Aug. 14, 2009) (finding that if the plaintiff provided timely notice of rescission

15 and the defendant did not properly respond, the plaintiff could file suit to both enforce

16 rescission and seek damages "after the end of the three-year period but within the

17 one-year limitations period borrowed from Section 1640"). Courts in other circuits

18 traditionally did the same. *See, e.g.*, *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833,

19 839 (11th Cir. 2010); *Johnson v. Long Beach Mortg. Loan Tr. 2001-4*, 451 F. Supp. 2d

20 16, 40 (D.D.C. 2006).

21        The Supreme Court's holding in *Jesinoski* disrupted this traditional practice. In

22 *Jesinoski*, the Court resolved a circuit split on whether a borrower must bring a claim for

1 rescission within three years of the loan's consummation date in order to exercise his
2 rescission right, or if written notice of his intention to rescind is sufficient. *See* 135 S. Ct.
3 at 792. The Court held that "[t]he language [in § 1635(a)] leaves no doubt that rescission
4 is effected when the borrower notifies the creditor of his right to rescind." *Id.* Because
5 rescission is effected upon notice, the Court reasoned that "so long as the borrower
6 notifies within three years after the transaction is consummated, his rescission is timely.
7 The statute does not also require him to sue within three years." *Id.*

8         Post-*Jesinoski*, district courts in the Ninth Circuit have split on how to apply the
9 Court's holding to a borrower's later suit to enforce rescission. Two district courts
10 declined to apply the one-year limitations period to rescission enforcement claims based
11 on the Court's clarification that rescission is effected upon the borrower notifying the
12 lender of his intention to rescind. *See Gaytan v. Bank of New York Mellon*, No. CV
13 16-02421 BRO (JEMx), 2017 WL 914707, at *4 (C.D. Cal. Mar. 6, 2017); *Paatalo*, 146
14 F. Supp. 3d at 1245. Another district court held the opposite. *See Carmichael v.*
15 *JPMorgan Chase Bank, N.A.*, No. 15cv1064 JAH(DHB), 2016 WL 9023431, at *4 (S.D.
16 Cal. Jul. 13, 2016). Thus, whether § 1640(e)'s one-year limitations period applies to
17 borrowers' declaratory and rescission enforcement claims after *Jesinoski* is an unsettled
18 issue of law.

19         To determine whether this limitations period applies, the court turns to the plain
20 language of §§ 1635 and 1640, the *Jesinoski* holding, and district court holdings.[8] The

21

22       [8] After *Jesinoski*, the Eleventh Circuit is the only circuit court to have addressed the
application of § 1640(e)'s limitations period to rescission enforcement claims. *See Bernstein,*

1  court concludes that no statute of limitations currently applies to these claims.  Thus, the

2  court borrows and applies § 1640(e)'s one-year limitations period because policy

3  considerations favor the existence of a statute of limitations.

4      *a.  Statute of Limitations After* Jesinoski

5         i.  Statutory Language

6      The plain language of § 1635(b) suggests that loan rescission is effected once a

7  borrower sends a lender notice of his intention to rescind.  *See* 15 U.S.C. § 1635(b).

8  Section 1635(b) provides the process for unwinding a loan transaction.  Once a borrower

9  exercises his rescission right under § 1635(a), "he is not liable for any finance or other

10  charge, and any security interest given by the obligor . . . becomes void upon such a

11  rescission."  *Id.*  Upon receiving the borrower's notice, the lender has 20 days to return

12  //

---

693 F. App'x at 849-50.  In *Bernstein*, the court was not persuaded by the plaintiff's argument that under *Jesinoski*, timely notice of rescission alone effects rescission by operation of law.  *See id.* at 849.  As a result, it held that the plaintiff's rescission enforcement claim was time-barred because he brought the claim four years after sending his rescission notice.  *See id.*  However, the court appeared to apply the statutory three-year period for rescinding a loan to the plaintiff's rescission enforcement claim, in addition to the one-year limitations period in § 1640(e).  *Id.*  Because the court treated this three-year period as a statute of limitations, its treatment of § 1640(e)'s one-year limitations period remains unclear.

    Although the Ninth Circuit has not directly addressed this issue, it suggested that it might apply § 1640(e)'s limitations period to rescission enforcement claims.  *See Barnes*, 2017 WL 3432533, at *2.  In *Barnes*, the plaintiffs brought claims for damages, declaratory relief, and injunctive relief within one year of the defendants' alleged § 1635(b) violations.  *See id.*; *Barnes v. Chase Home Fin., LLC*, No. 3:11-CV-00142-PK, 2013 WL 3479491, at *1-2 (D. Or. July 8, 2013).  The court held that the district court erred in granting the defendants summary judgment because the plaintiffs had raised genuine disputes of material fact.  *Barnes*, 2017 WL 3432533, at *2.  In doing so, the court applied § 1640(e)'s one-year statute of limitations to the plaintiffs' claims, reasoning that "[b]ecause the rescission notice was timely provided, failure to comply with the requirements in 15 U.S.C. § 1635(b) within 20 days is actionable under 15 U.S.C. § 1640(a)."  *Id.*  The fact that the court grouped the claims for damages, declaratory relief, and injunctive relief together to discuss the applicable statute of limitations could support the inference that they are all subject to the same one-year limitations period.

the borrower's down payment and take action to terminate its security interest, which then triggers the borrower's duty to tender any property already delivered. *Id.*

Section 1635(b)'s provision that a borrower's security interest becomes void when he exercises his right to rescind suggests that notice of rescission itself effects the rescission. *See id.* If rescission is effected upon notice, the borrower does not need to also bring a claim to enforce rescission after giving notice. This understanding of rescission is strengthened by the Section's requirement that the lender take the first steps to terminate any security interest and return any down payment to the borrower upon receiving his rescission notice. *See id.* Rather than placing the onus on the borrower to begin unwinding the loan after rescission, the requirement that the lender act first suggests that the burden is on the lender to either comply with § 1635(b) or contest the borrower's ability to rescind within the 20-day period. A borrower's ability to bring a damages claim against a lender who fails to comply with this 20-day deadline reinforces the responsibility of the lender to act first. *See id.* § 1640(a).

In addition, § 1635(g) provides that in an action where a lender violated § 1635, "in addition to rescission the court may award relief under section 1640." 15 U.S.C. § 1635(g). This separate provision allowing a court to award either rescission or damages for a lender's § 1635 violation suggests a distinction between rescission initiated by a borrower through notice and rescission awarded by a court. Although this provision also implies that a court's ability to award relief for a lender's § 1635 violation derives from § 1640, the language clearly differentiates between a claim for damages and its accompanying statute of limitations, and a claim to enforce rescission. Thus, if a

1 borrower rescinds his loan through notice and later seeks a declaratory judgment to

2 enforce rescission, § 1640, which provides for damages, does not appear to bear on this

3 determination.

4                          ii. *Jesinoski*

5        As discussed above, *Jesinoski* clarified that rescission is effected when the

6 borrower notifies the lender of his intention to rescind. *See* 135 S. Ct. at 792. As a result,

7 the Supreme Court eliminated the need for a borrower to also sue a lender to exercise his

8 rescission right. *See id.* The Court did not go on to address whether a statute of

9 limitations then applies to a borrower's claim for a declaratory judgment that his

10 rescission was valid. *See generally id.* However, the Court distinguished

11 borrower-rescission from court-awarded rescission, emphasizing that rescission can be a

12 consequence of either judicial action or a borrower's notice. *See id.* It follows from the

13 Court's distinction that borrower-rescission need not involve any judicial enforcement

14 and may be complete without any court action.

15        In light of the Court's holding that loan rescission is effected when the borrower

16 notifies the lender of his intention to rescind, the burden then falls on the lender to either

17 comply with § 1635(b) or contest the borrower's ability to rescind. *See Paatalo*, 146 F.

18 Supp. 3d at 1245 (noting that after the plaintiff timely rescinded the loan through written

19 notice, the defendant had the options of either beginning the unwinding process by

20 returning the plaintiff's down payment or filing a lawsuit to dispute the plaintiff's right to

21 rescind the loan); *see also* Alexandra P. Everhart Sickler, *The Truth Shall Set You Free:*

22 *Explaining Judicial Hostility to the Truth in Lending Act's Right to Rescind a Mortgage*

1   *Loan*, 12 Rutgers J. L. & Pub. Pol'y 463, 481-82 (2015) ("As a practical consequence of

2   [the *Jesinoski*] ruling, a lender now bears the burden of filing a lawsuit to contest the

3   borrower's ability to rescind."). The rescission process, as detailed by *Jesinoski* and the

4   statutory language, indicates that the lender bears this burden. *Jesinoski* clarified that a

5   borrower effects rescission upon written notice. 135 S. Ct. at 792. Section 1635(b)

6   instructs that such notice voids any security interest given by the borrower, releases the

7   borrower from liability "for any finance or other charge," and triggers the lender's duty to

8   tender. 15 U.S.C. § 1635(b). Taken together, the two suggest that post-*Jesinoski*, the

9   onus is on the lender to either comply with or contest the borrower's rescission.

10                 iii.  District Court Holdings

11       The *Paatalo* court relied on *Jesinoski* to allow a declaratory relief claim filed

12   seven years after a timely rescission. *See* 146 F. Supp. 3d at 1243-44. *Paatalo*

13   emphasized that courts' prior distinction between exercising the rescission right and the

14   rescission itself "cannot survive the Court's clear statement 'rescission is effected' at the

15   time of notice." *Id.* at 1244 (citing *Jesinoski*, 135 S. Ct. at 792). Although the court

16   maintained that its reading of *Jesinoski* does not mean that the process of unwinding a

17   loan is complete upon a borrower's rescission notice, it declared that the lender had two

18   options upon receiving the plaintiff's timely notices of rescission: it could have "begun

19   the unwinding process" by returning the plaintiff's down payment and taking steps to

20   terminate its security interest, or it could have filed a lawsuit disputing the plaintiff's

21   right to rescind. *See id.* at 1245. Because the defendant chose neither option, "*Jesinoski*

22   directs that the rescission and voiding of the security interest are effective as a matter of

law as of the date of the notice." *Id.* As a result, the court held that the plaintiff's claim for a declaratory judgment based on the defendant's § 1635(b) violation—a claim brought seven years after the plaintiff sent his rescission notice—should not be dismissed.[9] *See id.* at 1241-42, 1245-46.

Similarly, the *Gaytan* court, guided in part by *Paatalo*, held that the plaintiffs' pleadings for rescission were not barred by § 1640(e)'s one-year statute of limitations. *See* 2017 WL 914707, at *4. Based on the defendants' § 1635(b) violation, the plaintiffs filed claims for both rescission and damages over seven years after timely sending their rescission notice. *Id.* at *1. The court found that "persuasive precedent from within the Ninth Circuit demonstrates that TILA rescission claims, unlike TILA damages claims, are not subject to the one-year statute of limitations set out in section 1640." *Id.* at *4. As support, the court cited both *Jesinoski* and *Paatalo*. *Id.* Accordingly, it held that in light of this precedent, "[p]laintiffs' TILA rescission claim is not barred by the one-year statute of limitations set out in 15 U.S.C. § 1640." *Id.*

//

---

[9] Another district court in the Sixth Circuit followed the *Paatalo* court's interpretation of *Jesinoski. See Johnson v. JPMorgan Chase Bank Nat'l Ass'n*, No. 15-13954, 2016 WL 5388910, at *3 (E.D. Mich. Sept. 27, 2016) (citing *Paatalo*, 146 F. Supp. 3d at 1245), *appeal docketed*, No. 16-2465 (6th Cir. Oct. 20, 2016). In *Johnson*, the court concluded that a "lender's failure to fulfill its obligations [under § 1635(b)] and failure to bring a lawsuit seeking to adjudge the rescission void [renders] the rescission effective as a matter of law as of the date of the notice," thereby voiding the lender's security interest in the property. *Id.* The plaintiffs had sent a letter rescinding their loan in 2008, and brought an action opposing a 2014 foreclosure of their property. *Id.* at *1, 3. To survive the defendants' motion to dismiss, the court explained that the plaintiffs "needed to plead that [the defendant] or its successor in interest did not fulfill its obligations under § 1635(b)[,]" which the plaintiffs did. *Id.* at *3. However, because they had modified their loan after sending their rescission notice, the court found the plaintiffs nullified the rescission, thereby rendering it unenforceable. *See id.* at *4.

1    Conversely, the *Carmichael* court held that a plaintiff's rescission claim was

2    time-barred because he did not show that it was filed within an applicable statute of

3    limitations. *See* 2016 WL 9023431, at * 3. In *Carmichael*, the plaintiff filed a complaint

4    seeking rescission almost five and a half years after timely sending his notice of

5    rescission. *Id.* at *4. The defendants never acted on the plaintiff's notice, and the court

6    held that the plaintiff's rescission claim was still time-barred after *Jesinoski* because the

7    plaintiff "provide[d] no authority that his lawsuit was filed within any applicable statute

8    of limitations." *Id.* at *1, 4. The court did not address the split on how to interpret

9    *Jesinoski*, but its reasoning signals that some limitations period applies to § 1635

10   rescission claims.

11       District courts in the Eleventh Circuit have similarly held that the one-year

12   limitations period still applies to rescission enforcement claims. *See, e.g.*, *Cook v. Am.*

13   *Home Mortg. Corp.*, No. 16-cv-81733-MIDDLEBROOKS, 2017 WL 1386347, at *3

14   (S.D. Fla. April 17, 2017); *Bazemore v. U.S. Bank, N.A.*, No. 1:14-CV-3310-AT, 2016

15   WL 4267800, at *2 (N.D. Ga. June 6, 2016). For example, in *Bazemore*, the court

16   applied the one-year limitations period to the plaintiffs' declaratory relief claim. *See*

17   2016 WL 4267800, at *2. In doing so, the court emphasized that "*Jesinoski* did not

18   comment on how or when rescission must be enforced in a lawsuit." *Id.* Thus, the court

19   declined to hold that the plaintiffs could wait forever to bring a declaratory relief claim

20   based on their rescission. *Id.* In addition, the court pointed out that *Paatalo* did not

21   provide an "outer boundary for timing," and emphasized that the plaintiffs did not

22   //

1  adequately support their argument that a declaratory relief claim based on the same

2  violation as a time-barred damages claim could "spring eternal." *Id.*

3       The court is persuaded by the *Paatalo* court's interpretation of *Jesinoski*,

4  specifically its conclusion that "*Jesinoski* directs that the rescission and voiding of the

5  security interest are effective as a matter of law as of the date of the notice." 146 F.

6  Supp. 3d at 1245. If a borrower effects rescission through notice under § 1635(a), he is

7  not required to also bring a claim to enforce that rescission or have a court declare his

8  rescission proper because he and the lender can complete the rescission process. *See* 15

9  U.S.C. § 1635(b). Further, in *Jesinoski*, the Court distinguished between rescission

10  awarded by a court and rescission initiated by a borrower: "Section 1635(g) makes clear

11  that a court may not only award rescission . . . but may also grant any of the remedies

12  available under § 1640 . . . . [§ 1635(g)] has no bearing upon whether and how

13  borrower-rescission under § 1635(a) may occur." 135 S. Ct. at 793. This distinction,

14  coupled with the Court's clarification that rescission is effected through notice, indicates

15  that no statute of limitations applies to rescission enforcement claims.

16       Unlike *Paatalo*, the *Carmichael* court did not give effect to the Court's language

17  that "rescission is effected" upon notice, *id.* at 792, and it did not explain whether

18  *Jesinoski* informed its determination that some statute of limitations applies to rescission

19  claims. *See generally* 2016 WL 9023431. And although the *Bazemore* court emphasized

20  *Jesinoski*'s narrow holding, its decision did not specifically address the impact of the

21  Court's plain words that "rescission is effected," nor did it discuss the effect of *Jesinoski*

22  read in combination with the § 1635 statutory language. *See* 2016 WL 4267800, at *2.

1  Accordingly, the court is unpersuaded by *Carmichael* and *Bazemore*, and concludes that

2  after *Jesinoski*, § 1635(a) contains no statute of limitations that applies to a borrower's

3  declaratory relief claim regarding his rescission.

4              *b. Need for Statute of Limitations*

5         After *Jesinoski*, no statute of limitations applies to a borrower's claim to enforce

6  rescission.  However, because of the policies underlying statutes of limitations and TILA,

7  as well as the consequences of both applying and not applying a limitations period, the

8  court concludes that some statute of limitations must apply to a borrower's claim to

9  enforce a stalled rescission—where a lender ignores a borrower's written notice and the

10  rescission process is held in limbo.

11         The absence of an explicit limitations period for a borrower's declaratory relief

12  claim does not mean that none should apply.  The "general purpose" of a statute of

13  limitations is "'to protect defendants against stale or unduly delayed claims.'"  *Credit*

14  *Suisse Sec. (USA) LLC v. Simmonds*, 566 U.S. 221, 227 (2012) (quoting *John R. Sand &*

15  *Gravel Co. v. United States*, 552 U.S. 130, 133 (2008)).  Statutory limitation periods are

16  "'designed to promote justice by preventing surprises through the revival of claims that

17  have been allowed to slumber until evidence has been lost, memories have faded, and

18  witnesses have disappeared.'"  *Am. Pipe and Constr. Co. v. Utah*, 414 U.S. 538, 554

19  (1974) (quoting *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348-49

20  (1944)).  Although one may have a just claim, "'it is unjust not to put the adversary on

21  notice to defend within the period of limitation,'" and "'the right to be free of stale claims

22  //

1 | in time comes to prevail over the right to prosecute them.'" *Id.* (quoting *Order of R.R.*
2 | *Telegraphers*, 321 U.S. at 349).

3 | The court recognizes that some of the policy reasons favoring the application of a
4 | statute of limitations may be decreased in the TILA context. For instance, loan
5 | transactions and notices of rescission are typically memorialized, so the risks of lost
6 | evidence and faded memories that increase over time in other contexts may not be present
7 | in this one. *See Am. Pipe*, 414 U.S. at 554. Nevertheless, it would be unjust for
8 | borrowers to keep the property securing their loan despite stopping loan payments and
9 | not tendering the loan. As a result, the court disagrees with the *Paatalo* court's holding
10 | that a plaintiff's claim for a declaratory judgment is timely no matter when it is brought.
11 | *See* 146 F. Supp. 3d at 1245-46. Not applying a statute of limitations to borrowers'
12 | declaratory relief claims yields the risk that a borrower will only bring this type of claim
13 | in response to a lender's foreclosure once years, possibly decades, have passed. All the
14 | while, the borrower has been able to keep the property securing the loan while not
15 | making loan payments or tendering the loan. A statute of limitations avoids this unjust
16 | result and provides both borrowers and lenders a time frame for enforcing rescission
17 | notices and disputing a borrower's ability to rescind, respectively.

18 | The court recognizes that TILA was enacted with the overarching goal of
19 | protecting consumers from predatory lending practices. *See* 15 U.S.C. § 1601(a) ("It is
20 | the purpose of this subchapter to assure a meaningful disclosure of credit terms . . . and to
21 | protect the consumer against inaccurate and unfair credit billing and credit card
22 | practices."). In addition, "a court must construe 'the Act's provisions liberally in favor of

1  the consumer' and require absolute compliance by creditors." *Hauk v. JP Morgan Chase*

2  *Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009) (quoting *In re Ferrell*, 539 F.3d 1186,

3  1189 (9th Cir. 2008)). However, TILA already provides a one-year statute of limitations

4  for borrowers' damages claims based on a lender's § 1635 violation. 15 U.S.C.

5  § 1640(e). The existence of some limitations period indicates that applying a statute of

6  limitations to a borrower's declaratory relief claim—a claim also based on a lender's

7  § 1635 violation—does not conflict with construing TILA's provisions liberally in favor

8  of the consumer. Indeed, even if a limitations period applies, borrowers still have access

9  to this additional recourse against a lender who ignores their rescission notice: They may

10  sue the lender for damages, and alternatively, or additionally, bring a claim for a

11  declaratory judgment deeming their rescission proper, as long as they do so in a specified

12  time frame. Although borrowers will have to adhere to a time frame, their ability to keep

13  the property securing their loan while not making loan payments or tendering the loan

14  should compel borrowers to check on their stalled rescission.

15          *c. Borrowing Statute of Limitations*

16        When a federal statute does not expressly supply a limitations period, a court

17  "generally 'borrow[s]' the most closely analogous state limitations period.'" *Graham*

18  *Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson*, 545 U.S. 409, 414 (2005). A

19  court can decline to borrow a state statute of limitations "only 'when a rule from

20  elsewhere in federal law clearly provides a closer analogy than available state statutes,

21  and when the federal policies at stake and the practicalities of litigation make that rule a

22  significantly more appropriate vehicle for interstitial lawmaking.'" *Reed v. United*

*Transp. Union*, 488 U.S. 319, 324 (1989) (quoting *DelCostello v. Teamsters*, 462 U.S. 151, 172 (1983)). Because TILA itself provides a one-year statute of limitations for borrowers' damages claims, 15 U.S.C. § 1640(e), the court borrows that limitations period and applies it here. *See Jacques*, 2016 WL 423770, at *9 ("Because the TILA does not expressly supply a limitations period for this claim, the Court borrows the most closely analogous federal statute.").[10]

Accordingly, in light of § 1640 providing the most closely analogous limitations period, as well as Congress's intention to hold lenders civilly liable for damages for only one year, the court borrows § 1640(e)'s one-year limitations period and applies it to Plaintiffs' declaratory and injunctive relief claims.

    *d. Application of Borrowed Statute of Limitations to Plaintiffs'*
     *Non-Damages Claims*

Having borrowed a one-year statute of limitations to govern Plaintiffs' non-damages claims, the court finds that their claims for declaratory and injunctive relief are time-barred. Plaintiffs allege they sent their notice of rescission on April 15, 2013 (Compl. ¶ 4.5), and they brought their declaratory and injunctive relief claims on May 9, 2017 (*see generally id.*). Because Plaintiffs brought their claims four years after

//

//

---

[10] The court declines to apply the most closely analogous Washington State limitations period, the six-year limitations period for contract actions, RCW 4.16.040, because TILA's § 1640 provides a much closer analogy to a borrower's § 1635 claim. *See Reed*, 488 U.S. at 324. Section 1640 is within the same federal act, and its limitations period applies to damages claims based on a lender's § 1635 violation, 15 U.S.C. § 1640(e), whereas Washington's six-year limitations period applies to all contract actions, RCW 4.16.040.

Defendants failed to respond to their rescission notice, their claims are time-barred and thus dismissed.

**C. Leave to Amend**

As a general rule, when a court grants a motion to dismiss, the court should dismiss the complaint with leave to amend. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)). The policy favoring amendment is to be applied with "extreme liberality." *Id.* at 1051. However, this general rule "does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (internal citation omitted). "Futility alone can justify a court's refusal to grant leave to amend." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).

Although a court should ordinarily grant leave to amend, any amendment to Plaintiffs' complaint would be futile because all of their claims are time-barred. *See Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008) ("[B]ecause [plaintiff's] claims are barred by the statute of limitations, any amendments would have been futile.") (citing *Steckman*, 143 F.3d at 1298). Accordingly, the court declines to grant Plaintiffs leave to amend.

//

//

//

//

# IV.    CONCLUSION

For the foregoing reasons, the court GRANTS Defendants' motion to dismiss (Dkt. # 4) and DISMISSES Plaintiffs' complaint with prejudice and without leave to amend.

Dated this 16 day of November, 2017.

JAMES L. ROBART
United States District Judge