UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY HOANG, et al., | CASE NO. C17-0874JLR |
| Plaintiffs, | ORDER FOLLOWING REMAND FROM THE NINTH CIRCUIT COURT OF APPEALS |
| v. | |
| BANK OF AMERICA N.A., et al., | |
| Defendants. | |

Before the court are: (1) the opinion and mandate of the Ninth Circuit Court of Appeals reversing and remanding this matter to the district court (9th Cir. Order (Dkt. # 22); 9th Cir. Mandate (Dkt. # 23)); and (2) Plaintiff Jerry Hoang's notice of *pro se* appearance (Not. (Dkt. # 25)).

The Ninth Circuit ruled that this court erred in dismissing as time-barred Mr. Hoang and Plaintiff Le Uyen Thi Hoang's (collectively, "Plaintiffs") claims under the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, and denying Plaintiffs leave to amend their complaint. (*See* 9th Cir. Order at 12-13.) Pursuant to the Ninth Circuit's opinion

and mandate, the court hereby VACATES its November 16, 2017, order granting Defendants Bank of America, N.A. and Federal National Mortgage Association's (collectively, "Defendants") motion to dismiss Plaintiffs' complaint. (*See* 11/16/17 Order (Dkt. # 16).) The court also ORDERS the parties to file a joint status report within 14 days of the date of this order proposing how the court should proceed on remand. The parties should attempt to agree in good faith on a unified approach. If they cannot so agree, they may outline their disparate suggestions in the joint status report.

After the Ninth Circuit issued its order and mandate, Mr. Hoang filed a notice of *pro se* appearance. (*See* Not.) In the notice, Mr. Hoang states that he is appearing *pro se* because one of his attorneys of record, James A. Wexler, is now deceased, and his other attorney of record, Jill J. Smith, has been suspended from the practice of law. (*Id.* at 1.) Pursuant to the Local Rules:

> When an attorney suddenly becomes unable to act in a case due to death . . . or suspension, the party for whom he or she was acting as attorney must, before any further proceedings are had in the action on his or her behalf, unless such party is already represented by another attorney, (i) appoint another attorney who must enter an appearance in accordance with subsection (a) or (ii) seek an order of substitution to proceed pro se in accordance with subsection (b)(4).[1]

Local Rules W.D. Wash. LCR 83.2(b)(6); *see also id.* LCR 83.2(b)(5) (explaining that a party may seek an order of substitution to proceed *pro se* by filing a motion and providing copies of the motion to his or her counsel and the opposing party).

---

[1] The court notes that the procedure for seeking an order of substitution to proceed *pro se* is set forth at Local Rule 83.2(b)(5), not Local Rule 83.2(b)(4). *See* Local Rules W.D. Wash. LCR 83.2(b)(5).

The court construes Mr. Hoang's notice of *pro se* appearance as a motion for an order of substitution to proceed *pro se*. *See id.* LCR 83.2(b)(5). In light of Mr. Hoang's representations, the court finds that Mr. Hoang's counsel of record are "unable to act" in this matter due to death and suspension. (*See* Not. at 1); Local Rules W.D. Wash. LCR 83.2(b)(6). Additionally, Mr. Hoang has complied with the requirement under Local Rule 83.2(b)(5) that he provide copies to counsel for Defendants of his motion to proceed *pro se*. (Not. at 2.) The court therefore GRANTS Mr. Hoang an order of substitution to proceed *pro se* and DIRECTS the Clerk to terminate Mr. Wexler and Ms. Smith as counsel for Mr. Hoang in this matter.

Ms. Hoang did not file a motion for an order of substitution to proceed *pro se* and did not sign Mr. Hoang's notice of *pro se* appearance. (*See generally* Dkt.; Not.) Mr. Hoang cannot act as *pro se* counsel on Ms. Hoang's behalf. Accordingly, the court ORDERS Ms. Hoang to either (1) appoint another attorney, or (2) seek an order of substitution to proceed *pro se* in accordance with Local Rule 83.2(b)(5).

Dated this 8th day of March, 2019.

The Honorable James L. Robart
U.S. District Court Judge

ORDER - 3