UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY HOANG, et al.,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>　　　　　　　Defendants. | CASE NO. C17-0874JLR<br><br>ORDER |

Before the court is the parties' stipulated motion to modify the court's scheduling order. (Stip. Mot. (Dkt. # 40).) The parties jointly request a "two-month extension" of the remaining deadlines in the case schedule in order to "allow the parties to engage in already ongoing settlement negotiations which have apparently stalled because of the emergence of the coronavirus." (*Id.* at 2.)

The court set an October 5, 2020 trial date for this matter. (*See* Sched. Order. (Dkt. # 39) at 1.) Absent a showing of good cause, the court does not grant "short" trial continuances. Fed. R. Civ. P. 16(b)(4); (*see* Sched. Order at 2 ("The court will alter these

dates only upon good cause shown . . . .").) Although the court understands and appreciates the COVID-19 pandemic's impact, the court has a full docket that would quickly fall into disarray if the court granted extensions to every party who faced scheduling difficulties due to COVID-19. Thus, the court finds that scheduling challenges caused by COVID-19—without additional details describing the parties' specific challenges—do not constitute good cause to modify a case schedule.

It is well established that the specific scheduling challenge raised by the parties in this case—their desire to engage in settlement negotiations—does not constitute good cause to modify a scheduling order. *See, e.g.*, *Gerawan Farming, Inc. v. Rehrig Pac. Co.*, No. 1:11-cv-01273 LJO BAM, 2013 WL 1164941, at *4 (E.D. Cal. Mar. 20, 2013) ("[A]s a legal matter, settlement discussions do not, in [and] of themselves, arise to good cause for modifying a scheduling order."); *Rybski v. Home Depot USA, Inc.*, No. CV-12-751-PHX-LOA, 2012 WL 5416586, at *2 (D. Ariz. Oct. 17, 2012) ("The parties' settlement negotiations or mediation do not constitute good cause to continue the Rule 16 deadlines."). Thus, the court concludes that the parties have not shown good cause to continue the case schedule. As such, the court DENIES the parties' stipulated motion (Dkt. # 40).

If the parties do not want to keep the current case schedule, the court will consider moving the parties' trial date to the end of the court's trial calendar. Maintaining the current trial date or moving to the end of the court's trial calendar are the only two options. The court will not imperil the trial dates of other parties on the court's calendar by granting the parties in this case a two-month extension to engage in settlement

negotiations.  If the parties wish to move to the end of the trial calendar, they should file a new stipulated motion to that effect within 14 days of the date of this order.  The parties should be aware that the court is presently scheduling trials in the summer of 2021 and that the court expects to have a backlog of cases to reschedule in light of the civil and criminal trial continuances mandated by General Order No. 02-20.  *See* W.D. Wash. Gen. Order 02-20.  If the court moves this matter to the end of its trial calendar, the court will also issue a new scheduling order for all unexpired pretrial deadlines.

Dated this 2nd day of April, 2020.

JAMES L. ROBART
United States District Judge